**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ADRIANY ALEJANDRA BOHORQUEZ BRAVO, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. CIV-26-912-R |
| TODD M. LYONS, et al., | ) ) ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner's "Notice of Outcome of Habeas-Ordered Bond Hearing" [Doc. No. 14] which challenges the Immigration Judge's decision to deny bond and requests the Court take further action to ensure Petitioner receives a constitutionally adequate bond hearing. Respondents filed a response in opposition [Doc. No. 16] and the matter is now at issue.

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that U.S. Immigration and Customs Enforcement was improperly detaining her in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. The Court concluded that 8 U.S.C. § 1226, rather than the mandatory detention provision set out in 8 U.S.C. § 1225(b)(2)(A), governed Petitioner's detention. The Court therefore granted the Petition in part and instructed Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Respondents subsequently filed a Certification of Compliance [Doc. No. 13] that included a copy of the Immigration Judge's order [Doc. No. 13-1] denying bond. That order reflects that

1

Petitioner was represented by counsel at the bond hearing and the IJ reviewed the evidence submitted. After noting that Petitioner's asylum application was recently denied and Petitioner was ordered removed, the IJ concluded that Petitioner is not sufficiently incentivized to appear at future removal proceedings and presents a flight risk. In her present filing, Petitioner contends the hearing was constitutionally defective and she is entitled to a new constitutionally adequate hearing with appropriate consideration of all the evidence.

Initially, the Court notes that it "retains jurisdiction to address Petitioner's Motion to the extent it must ensure its judgment has been fully effectuated." *Hernandez Casallas v. Jones*, No. CIV-26-053-J, 2026 WL 1239322, at *2 (W.D. Okla. Apr. 17, 2026), report and recommendation adopted sub nom. *Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1233127 (W.D. Okla. May 5, 2026). However, pursuant to 8 U.S.C. § 1226(e), federal courts lack jurisdiction to review an Immigration Judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision "does not preclude challenges to the statutory framework that permits the alien's detention without bail[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks and brackets omitted), and courts have exercised jurisdiction over motions that raise constitutional challenges to the bond hearing. *See, e.g., Nucamendiz v. Hyde,* No. 25-CV-13851-ADB, 2026 WL 221449, at *2 (D. Mass.

Jan. 28, 2026); *Mendez v. Dedos*, No. 1:26-CV-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026).

On the present record, the Court is unable to conclude that the bond hearing was conducted in a manner that was constitutionally defective or in violation of Petitioner's due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Petitioner was represented by counsel and had the opportunity to present evidence and argument. The Immigration Judge issued a written order explaining the basis of his decision, which can be appealed to the BIA. Although Petitioner takes issue with the IJ's evaluation of the evidence, she has not identified any evidence that the IJ refused to consider, identified any error in the legal standard the IJ applied, or adequately shown that she did not receive individualized consideration. In short, "the IJ's decision was not so arbitrary that it offends fundamental tenets of due process." *Hernandez Casallas*, 2026 WL 1239322, at *4.

Additionally, although Petitioner attempts to couch her claim in constitutional terms, the thrust of her argument is that the IJ improperly weighed and evaluated the evidence. But "[t]his is exactly the sort of challenge Congress proscribed by passing § 1226(e)." *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026). This Court does not have jurisdiction to second guess the IJ's discretionary decision regarding the denial of bond. *See id., Mwangi v. Terry,* 465 F. App'x 784, 786-87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the

agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

The Court ordered Respondents to provide Petitioner with a bond hearing pursuant to § 1226(a). The record reflects that Respondents did so. Accordingly, the relief requested in Petitioner's Notice [Doc. No. 14] is DENIED.

IT IS SO ORDERED this 30th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE